XIAOMIN JIN, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–70798.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 22, 2008.

Filed Oct. 30, 2008.

Graber, Circuit Judge, filed a dissenting opinion.

Chung N. Phang, Esquire, Law Offices of Chung H. Phang, Oakland, CA, for Petitioner.

Katharine Clark, Esquire, Trial, James Arthur Hunolt, Senior Litigation Counsel, OIL, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Richard D. Cooke, Esquire, U.S. Department of Justice, Antitrust Division, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

---

\* The Honorable Stephen G. Larson, United States District Judge for the Central District of California, sitting by designation.

Before: THOMAS and GRABER, Circuit Judges, and LARSON \*, District Judge.

## MEMORANDUM \*\*

Xiaomin Jin petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming and adopting an Immigration Judge's ("IJ") order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the parties are familiar with the factual and procedural history, we will not recount it here.

Where the BIA affirms the IJ's decision without issuing an opinion, we review the IJ's decision as the final agency determination. *Knezevic v. Ashcroft*, 367 F.3d 1206, 1210 (9th Cir.2004). We review the IJ's factual findings, including credibility determinations, for substantial evidence. *See Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000). We grant the petition for review.

## I

"[P]ast persecution based on a forced abortion gives rise to a regulatory rebuttable presumption that the applicant's life or freedom would be threatened in the future...." *Zheng v. Ashcroft*, 397 F.3d 1139, 1148 (9th Cir.2005) (citing 8 C.F.R. § 208.16(b)(1)(i)) (internal quotation omitted). Because Jin testified that she suffered a forcible abortion in China, she is entitled to a presumption of past persecution if her testimony is deemed credible.

The IJ did not make a specific adverse credibility determination as to the fact of the forced abortion. Rather, the IJ relied

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

primary on the fact that Jin complained about physical symptoms arising from the insertion of an IUD by government officials during the abortion proceeding, but did not seek to have the IUD removed until four years after arriving in the United States. Jin testified that Chinese officials had threatened her with sterilization if she removed the IUD, and that she feared sterilization if she had the IUD removed in the United States and was subsequently forced to return to China. She testified that for this reason, despite the discomfort, she did not seek medical attention until she had received assurances from her attorney concerning the possibility of being forced to return to China. After receiving those assurances, she sought medical attention.

The objective evidence in the record supports her claim. She did have an IUD inserted and, when she sought medical attention, the physician verified that the removal of the IUD alleviated her other physical symptoms. The pain the physician reported that Jin was experiencing was consistent with the pain she testified she had experienced. The IJ did not address her explanation, or explain why it was implausible given the objective evidence supporting it in the record. Rather, the IJ simply rejected it out of hand and, in doing so, misconstrued Jin's affidavits. An IJ must articulate a legitimate basis to question the applicant's credibility, and must offer specific and cogent reasons for any stated disbelief. *Salaam v. INS*, 229 F.3d 1234, 1238 (9th Cir.2000) (per curiam) (internal quotation marks omitted). The IJ must afford petitioners a chance to explain inconsistencies, and must address these explanations. *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir.2006). Because the IJ did not adhere to these requirements, we must reject the IJ's adverse credibility finding on this issue.

The IJ also found Jin's four-year delay in filing for asylum inconsistent with her claim. The IJ rejected Jin's explanation for the delay—that she did not know of an attorney or understand the asylum laws—on the grounds that Jin was university-educated and spoke Mandarin, "not some obscure dialect." However, the record evidence indicates that Jin had only limited night-school training in relation to her position in the travel industry and that, as a member of the Mongolian minority ethnic group, she felt isolated from the Han Chinese community where she lived. We thus find the IJ's rejection of Jin's explanation for the delay in seeking asylum unsupported by substantial evidence in the record.

Finally, the IJ found it implausible that Jin's labor union would not have repossessed her family's apartment until five years after she was terminated and doubted the authenticity of the eviction notice Jin provided. The IJ failed to address Jin's plausible explanation for why her family was allowed to stay in the apartment, and his rejection of her testimony was improperly based in speculation about what Chinese officials would do. *See Guo v. Ashcroft*, 361 F.3d 1194, 1200 (9th Cir. 2004) (reversing negative credibility finding where IJ failed to address reasonable and plausible explanation for a perceived inconsistency); *Ge v. Ashcroft*, 367 F.3d 1121, 1125 (9th Cir.2004) (reversing adverse credibility finding based on IJ's "personal conjecture about what Chinese authorities would or would not do"). In addition, the IJ failed to address Jin's explanation for the differences between the termination and eviction letter she received and engaged in speculation about what a Chinese government document should look like. *See Lin v. Gonzales*, 434 F.3d 1158, 1163 (9th Cir.2006) (reversing adverse credibility finding based on suspicion that family planning certificate was inauthentic because the IJ's analysis "rests

on speculation as to what the document should look like . . . .").

In sum, under standards applicable to this petition, the IJ's adverse credibility determination is not supported by substantial evidence.

## II

Because the IJ found Jin not credible, he did not reach the issues of whether her testimony, if credited, established her eligibility for asylum, withholding of removal, or CAT relief, and whether an exception to the one-year filing rule for asylum applied in Jin's case. We remand the petition to allow the agency to rule on these issues in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). However, we note that Congress has amended the refugee definition at 8 U.S.C. § 1101(a)(42) to state that "a person who has been forced to abort a pregnancy . . . shall be deemed to have been persecuted on account of political opinion." 8 U.S.C. § 1101(a)(42)(b).

**PETITION GRANTED; VACATED and REMANDED.**

GRABER, Circuit Judge, dissenting:

I respectfully dissent.

Everything in this case, including the assertion that Petitioner Xiaomin Jin suffered a forced abortion in 1992, depends entirely on Petitioner's own uncorroborated testimony and therefore on her credibility. The mere fact that the IJ relied on *other* inconsistencies to find her not credible as a witness does not undermine the adverse credibility finding. Nor does the fact that, in 2002, four years after arriving in the United States for the second time, Petitioner had a painful IUD

removed provide any evidence that the IUD had been forcibly inserted in 1992 (or even that she had it at all in 1992).

In my view, the IJ's and BIA's adverse credibility finding is supported by substantial evidence. Although Petitioner gave an explanation for why she waited four years to seek removal of an IUD that she claims had been unbearably painful for a decade, the IJ was not *compelled* to accept her explanation, and neither are we. For example, in 1996, Petitioner had spent a full year in the United States and had visited doctors here, all without mentioning the IUD.

Because of our restricted standard of review, *see Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir.2006) ("We review adverse credibility determinations for substantial evidence and reverse only if the evidence compels a contrary conclusion."), I must dissent.